JOHN GAUGES *vs.* FITCHBURG RAILROAD COMPANY.

Franklin. October 19, 1903. — February 25, 1904.

Present: KNOWLTON, C. J., MORTON, BARKER, HAMMOND, & LORING, JJ.

*Negligence,* Employer's liability.

A railroad company is not liable to a section hand in its employ for an injury from being struck in the eye by an old spike which flew up when struck with an old hammer by a second foreman of the railroad company, if the company furnished plenty of good spikes and good hammers, especially where it does not appear that either the old spike or the old hammer was defective.

TORT, by a section hand employed on the railroad of the defendant, for personal injuries from being struck in the eye by a spike which flew up when struck with a hammer by a second hand or second foreman of the defendant, while he and the plaintiff were engaged in laying rails on the section of the defendant's railroad between Orange and Wendell. Writ dated October 16, 1899.

The declaration contained counts at common law and under St. 1887, c. 270, but contained no allegation that notice of the time, place and cause of the injury was given to the defendant, and at the trial there was no evidence of such notice. In the Superior Court the case was tried before *Fessenden*, J., who at the close of the plaintiff's evidence ordered a verdict for the defendant. The plaintiff alleged exceptions.

*C. A. Parker & H. C. Attwill*, for the plaintiff.

*D. Malone*, for the defendant.

MORTON, J. If it was negligence on the part of Brooks to use an old spike and an old hammer, and the plaintiff's injury was caused thereby, nevertheless the defendant is not liable. The uncontradicted testimony shows that the defendant furnished plenty of good spikes and good hammers. The negligence, therefore, if there was any, in the use of an old spike and an old hammer, was the negligence of Brooks and not of the defendant. But there is nothing to show that the spike was not a good spike or that it was negligent to use it. It cannot be said that the use of old spikes constituted of itself negligence on the part of the defendant. An old spike might be as good for certain kinds of work as a new one. And according to the plaintiff's own testimony the orders were to use only the good ones. So as to the hammer, — notwithstanding the declarations of Brooks testified to by the plaintiff, there is nothing to show that the hammer was not a proper hammer for a person of the skill and experience of Brooks to use. The testimony tended to show that it was still a good hammer, although somewhat worn, and that Brooks continued to use it until he left nearly a year after.

*Exceptions overruled.*